IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 7:16-MJ-1060-RJ-1

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | ORDER ON PROBABLE CAUSE |
| ) | AND DETENTION |
| ) | |
| JAMES ROY HILL, ) | |
| ) | |
| Defendant. ) | |

This matter came before the court April 7, 2016, for a preliminary hearing regarding the criminal complaint against Defendant and for a hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain Defendant pending further proceedings. On March 30, 2016, the government charged Defendant in a criminal complaint with a violation of 21 U.S.C. § 841(a)(1). [DE-1]. The government alleges that on or about February 28, 2014, March 18, 2016 and March 29, 2016, Defendant knowing and intentionally distributed and possessed with the intent to distribute a quantity of cocaine. *Id.*

At the hearing the government presented the testimony of James Keller and Justin Morris, officers with the Jacksonville Police Department. Defendant, represented by counsel, presented no evidence on probable cause. Defendant presented, Bobby Parker, a family friend, as a third-party custodian. The court has considered the hearing testimony, exhibits entered and the pretrial services report, which was prepared by the pretrial services office and provided to the parties in advance of the hearing. The court finds that the credible and information presented by officers Keller and Morris establishes probable cause to support the charges of the criminal complaint.

Having considered the record pursuant to 18 U.S.C. § 3142(g), the law requires that

Defendant be detained pending further proceedings based on the following principal findings and reasons: (1) the nature of the offense charged against Defendant and the apparent strength of the government's case; (2) Defendant's criminal history (including committing offenses while on probation and/or while state charges were pending); (3) Defendant is alleged to have committed one of the instant offenses while on probation; and (4) other findings and reasons stated in open court. While the court has considered Defendant's ties to the community and the testimony presented by the proposed third-party custodian, the court finds the risk of non-appearance and danger outweighs such evidence.

Accordingly, Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of the United States Court or on request of an attorney for the government, the person in charge of the corrections facility must deliver Defendant to the United States marshal for a court appearance.

So ordered, the 7th day of April 2016.

*[signature]*
Robert B. Jones, Jr.,
United States Magistrate Judge